IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

FRANCIS B. SERIEUX,                )
                                   )
            Plaintiff,             )
                                   )
vs.                                )        Civil No. 2020-104
                                   )
COLETTE MONROE,                    )
                                   )
            Defendant.             )
_____  )

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on the application of pro se plaintiff Francis B. Serieux to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a)(1) [ECF 5], and for an initial screening of his pleading pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.  The Court finds plaintiff has properly demonstrated his inability to pay the required court costs.  However, for the reasons set forth below, the Court recommends that the complaint be dismissed.

### I.        FACTUAL ALLEGATIONS

Plaintiff brings this complaint against Colette Monroe but fails to make any specific allegations in the complaint.  *See* [ECF 1].

### II.       STANDARD OF REVIEW

Where a plaintiff has obtained leave to proceed *in forma pauperis*, a court must screen the complaint for cognizable claims and *sua sponte* dismiss all or any part of an action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Furthermore, "[i]f the

*Serieux v. Monroe*
Civil No. 2020-104
Page 2

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. "A complaint is malicious when it 'duplicates allegations of another [] federal lawsuit by the same plaintiff.'" *Daley v. United States Dist. Court*, 629 F. Supp. 2d 357, 359-60 (D. Del. 2009) (alteration in original) (quoting *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (stating "malicious" in the context of sections 1915(e) "is more usefully construed as intended to harass").

Whether a complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Accordingly, a court must determine whether the complaint includes "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Finally, the remaining ground for dismissal under § 1915, immunity of the defendants, relates to the protection the law affords some governmental entities and officials against certain types of lawsuits. 28 U.S.C. § 1915(e)(2)(B)(iii).

## III.    DISCUSSION

Federal subject matter jurisdiction is limited by statute. Most often, such jurisdiction exists in actions in which the plaintiff's claim raises a federal question or in which there is diversity of

citizenship between the plaintiff and the defendant.  28 U.S.C. §§ 1331, 1332.  To invoke federal

question jurisdiction, the plaintiff must allege a violation of the "Constitution, laws, or treaties of

the United States."  28 U.S.C. § 1331.  Jurisdiction based on diversity of citizenship requires the

plaintiff to demonstrate that none of the defendants holds citizenship in the same state as the

plaintiff, and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  28

U.S.C. § 1332(a).

Here, plaintiff fails to specify any laws or rights that were violated.  Thus, he offers no

basis for subject matter jurisdiction in this Court.  Therefore, the Court recommends that the

complaint be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, this Court RECOMMENDS that plaintiff's complaint be

DISMISSED for failing to allege a basis for federal jurisdiction.

Any objections to this Report and Recommendation must be filed in writing within 14 days

of receipt of this notice.  Failure to file objections within the specified time shall bar the aggrieved

party from attacking such Report and Recommendation before the assigned District Court Judge.

28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:**  August 3, 2021                                                         S\_____
                                                                                                **RUTH MILLER**
                                                                                                United States Magistrate Judge